**Joan Ferrell SCARBROUGH,
Plaintiff–Appellee,**

v.

**Ernest Garland SCARBROUGH,
Defendant–Appellant.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

Feb. 8, 1988.

Application for Permission to Appeal
Denied by Supreme Court May 2, 1988.

L.L. Harrell, Jr., Trenton, for plaintiff-appellee.

Michael T. Tabor, Jackson, for defendant-appellant.

CRAWFORD, Judge.

Plaintiff, Joan Ferrell Scarbrough (hereinafter Wife), filed a complaint for divorce from defendant, Ernest Garland Scarbrough (hereinafter Husband), in January, 1986. The complaint sought a divorce on the grounds of cruel and inhuman treatment, custody of their minor child, child support, and a division of marital property. The final decree, entered in April, 1987, granted Wife a divorce and among other

things awarded her custody of their minor child, ordered Husband to pay $250 per month child support, provided that the real property owned by the parties as tenants by the entirety would remain in the parties as tenants in common, and allowed Wife to continue to occupy the home until the minor child reaches the age of 18 years, or as otherwise provided in the decree. The decree also made a division of other marital property and divided equally a savings account at Merchants State Bank in the name of Wife. Husband appeals and presents four issues for review. The first issue is:

I. Whether the trial court erred in awarding custody of the parties minor daughter to the plaintiff, Joan Ferrell Scarbrough.

The parties were married in 1957. They have three adult children and one minor child, Trina Elizabeth Scarbrough, who was about eight and one-half years of age at the time of trial. Husband is 46 years of age and was a farmer and has a very limited formal education. He was injured in a farm accident in 1985, and at the time of trial was disabled from engaging in his occupation and was drawing disability payments from a private insurance company. He had applied for disability benefits from Social Security, but there had been no decision on this application. Because of economic conditions and his injury, Husband's farming equipment had been repossessed and the parties were heavily indebted to FHA. Husband's income at the time of trial was $1,000 per month from disability payments. Wife is 46 years of age and her income is about $611 per month as a Madison County school bus driver. She had also worked at a day care center in the year 1986 and made an additional $2,584 for the year. During the years from 1980 through 1984, the parties kept foster children for the Department of Human Services, and had approximately 23 foster children during that period of time. The parties' minor child involved in this litigation was adopted and was initially placed with them as a foster child.

Wife testifies that she and Trina have an excellent relationship, that she sees to her every need, and that she is the proper person to have custody of Trina. She testified concerning the various allegations of cruelty on the part of Husband for the past several years and in particular the last two years prior to trial. She asserts that the actions of Husband have greatly upset their daughter and that he is not a proper person to have custody of the child.

Husband testified that he is a proper person to have custody of the child, that he spends more time and is able to spend more time with the child than Wife, that the child wants to be with him, and that Wife is unfit to have the child because she has a very bad temper and would mistreat the child.

Wife introduced several witnesses that testified that she is a good mother, has taken care of all of her children well, has performed all of her wifely duties in a proper manner, that she is very active in her church and is very conscientious about the religious needs of her children, including the minor daughter. Some of the witnesses had been friends of both parties, and had occasion to be in their home and observe the relationships between the parties and the children. The pastor of their church testified concerning the religious atmosphere of the home and the religious training provided by Wife.

After the evidentiary hearing had been concluded and while the court had the case under advisement, Husband filed a motion to reopen the proof to present the testimony of their son and one of their daughters. The court granted the motion and the son, aged 27 years, testified that for a period of time while he was growing up, until about the time he was in junior high school, his mother would scream and yell at him, pull his hair and "beat" him frequently. The daughter, aged 24 years, testified that while she was growing up her mother was cruel to her, slapped her, beat her, and caused bruises and cuts on her legs. In telling about one instance when she was about fifteen years of age, she claimed her mother jumped on top of her and beat her up.

Wife vehemently denied the truth of this testimony. Several witnesses who knew the family well testified that during the time period involved there was no indication whatsoever that the children were being mistreated. There were no visible marks of any kind to indicate that the children had been mistreated and there were no complaints from the children concerning any mistreatment. The record is silent concerning testimony of Husband about his knowledge of the Wife's alleged abuse and his efforts to curb it.

■ In child custody cases, the welfare and best interest of the children are the paramount concerns and the determination of the children's best interest must turn on the particular facts of each case. *Holloway v. Bradley*, 190 Tenn. 565, 230 S.W.2d 1003 (1950). In *Bah v. Bah*, 668 S.W.2d 663 (Tenn.App.1983), the Court established some guidelines in making the determination of best interest:

> We adopt what we believe is a common sense approach to custody, one which we will call the doctrine of "comparative fitness." The paramount concern in child custody cases is the welfare and best interest of the child. *Mollish v. Mollish*, 494 S.W.2d 145, 151 (Tenn.App.1972). There are literally thousands of things that must be taken into consideration in the lives of young children, *Smith v. Smith*, 188 Tenn. 430, 437, 220 S.W.2d 627, 630 (1949), and these factors must be reviewed on a comparative approach:
>
> > Fitness for custodian responsibilities is *largely a comparative matter.* No human being is deemed perfect, hence no human can be deemed a perfectly fit custodian. Necessarily, therefore, the courts must determine which of two or more available custodians is more or less fit than others.
>
> *Edwards v. Edwards*, 501 S.W.2d 283, 290–91 (Tenn.App.1973) (Emphasis supplied).

*Id.* at 666.

The evidence in the case at bar indicates that both parties love their daughter very much. The court had before it sharply conflicting testimony concerning the respective merits and demerits of the parties as custodial parents. Many witnesses presented facts which reflected that Wife is a proper person to have custody of the child. Husband relies primarily on the testimony of the son and daughter in support of his assertion that Wife is unfit to have custody. In considering this testimony, we feel it is significant that this alleged cruelty remained hidden by the children for so many years, and was without substantial corroboration. Furthermore, the parties were approved as foster parents subsequent to the time of these alleged acts, and there is absolutely no proof in the record of any alleged cruelty or mistreatment of any of the foster children by Wife. We find it persuasive that no one considered Wife's actions abusive until the disagreement between the parties arose. Apparently, the trial court was also not too impressed with the testimony of the son and daughter.

■ Where the issues in a case turn upon the truthfulness of witnesses, the trial judge as the trier of fact in a nonjury case has the opportunity to observe the witnesses and their manner and demeanor while testifying and is in a far better position than this Court to decide that issue. The weight, faith and credit to be given any witness' testimony lies in the first instance with the trier of fact. The credibility accorded will be given great weight by the appellate court. *Town of Alamo v. Forcum–James Co.*, 205 Tenn. 478, 327 S.W.2d 47 (1959); *Sisk v. Valley Forge Insurance Co.*, 640 S.W.2d 844 (Tenn.App. 1982).

Since this case was tried by the court sitting without a jury, we review the case de novo upon the record with a presumption of correctness of the findings of fact by the trial court. T.R.A.P. 13(d). This presumption applies in child custody cases. *Hass v. Knighton*, 676 S.W.2d 554 (Tenn. 1984).

■ The record reflects that in addition to the witnesses that testified for and against each party seeking custody, the trial court interviewed the minor child in chambers. Apparently, the lawyers were

not present at this interview and the record does not contain a transcript of the proceedings in chambers. The record states:

THE COURT: All right, I have talked to Trina, and she is a mighty sweet girl, and loves both of you, and I have assured her that both of you love her, both of you.

Apparently the lawyers for the respective parties acquiesced in the interview of the child outside of their presence. This practice should be discouraged. The only purpose for hearing from the child is to assist the trier of fact in making a determination of the issues before it, which in this case was to determine the best interest for the child. Every person of sufficient capacity to understand the obligation of an oath is competent to be a witness. T.C.A. § 24–1–101 (Supp.1987). If there is some compelling reason for the proceedings to be held in chambers, the trial court, nevertheless, should determine the qualifications of a witness and such witness' testimony should be preserved in the record. In the case before us, it is clear that the trial judge, with the acquiescence of the parties, heard testimony of the child, but we do not have the benefit of this testimony in the record. When the trial court hears the evidence, but the evidence is not included in the record on appeal, it is presumed that the evidence supports the ruling of the trial court. *Turner v. Turner*, 739 S.W.2d 779 (Tenn.App.1986). In the case at bar, the trial court had sharp credibility issues in making its determination as to the best interest of the child and in addition thereto considered the testimony of the child. Under the record in this case we cannot say that the evidence preponderates against the finding of the trial court that the best interests of the child are served by the award of custody to Wife.

The second issue presented for review is:

II. Whether the trial court erred in dividing the savings account in the Merchants State Bank equally between the husband and the wife.

■ The record reflects that Wife established a savings account in Merchants State Bank with funds received for foster care children and some other miscellaneous items and that the account was established in her name, although it was conceded that the account was marital property. The trial court divided this account equally between the parties. Husband contends that he should have been awarded the entire account and Wife contends that she should have been awarded the entire account. There was also some evidence in the record that Husband took some funds which constituted marital property and used them for his personal use.

T.C.A. § 36–4–121 sets forth various factors and criteria to be considered in making an equitable distribution of marital property. The evidence before us supports the trial court's decision as to the division of this account.

The third issue presented for review is:

III. Whether the trial court erred in ordering Mr. Scarbrough to pay child support in the amount of $250 per month.

■ At the time of trial, Husband was receiving a $1,000 per month disability payment and was expecting to receive Social Security disability some time in the future. Wife made approximately $600 per month driving a school bus. The needs of the parties were established in the evidence and from a review of this record we cannot say that the evidence preponderates against the finding of the trial court that Husband should pay child support in the amount of $250 per month. Should circumstances change in the future, the child support can be modified accordingly.

The fourth issue presented for review is:

IV. Whether the trial court erred in allowing Mrs. Scarbrough to continue to reside in the parties' residence.

Husband premises his argument on this issue on his contention that he should have been awarded custody of Trina. We have previously disposed of that issue contrary to Husband's contention. T.C.A. § 36–4–121(d) provides:

(d) The court may award the family home and household effects, or the right to live therein and use the household effects for a reasonable period, to either party, but shall give special consideration

to a spouse having physical custody of a child or children of the marriage.

Under the facts of this case it was certainly proper for the trial court to allow Wife to reside in the homeplace with Trina.

Wife has also requested that the Court award her attorney's fees in connection with this appeal. We have considered the entire record and the situation of the parties and like the trial court at the trial of the case, we feel that the respective parties should bear the expense of their own attorney's fees for the appeal.

The judgment of the trial court is affirmed and costs of appeal are assessed against appellant. This case is remanded for such further proceedings as may be necessary.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.