IN THE COURT OF APPEALS

FILED

June 4, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| CHRISTOPHER BRIAN MINNICH, | ) KNOX CIRCUIT |
| | ) C. A. NO. 03A01-9612-CV-00384 |
| | ) |
| Plaintiff-Appellee | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| vs. | ) HON. BILL SWANN |
| | ) JUDGE |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| NANCY GRAVES ROBERSON, | ) AFFIRMED AND REMANDED |
| | ) |
| Defendant-Appellant | ) |

JEAN MUNROE and LAURA RULE HENDRICKS, Knoxville, for Appellant.

SCHARLETT A. BEATY, Knoxville, for Appellee

O P I N I O N

McMurray, J.

This is an appeal from the judgment of the trial court granting joint custody of the parties' minor children to the

parties, with the husband having primary residential custody. For reasons hereinafter stated, we affirm the judgment of the trial court.

## PROCEDURAL HISTORY

The original divorce complaint was filed in this case on February 23, 1994. An answer and counter-complaint were filed on June 2, 1994. An answer was filed to the counter-complaint on June 13, 1994. On December 12, 1994, an agreed order was filed disposing of the parties' marital assets. On January 20, 1995, the wife filed a motion asking the court to set child and spousal support pending final disposition of the case. On February 24, 1995, an order was entered reflecting that a pretrial conference was held. At the pretrial conference, the trial was scheduled for February 13, 1995. The pre-trial order recited that:

> 3. The parties stipulated that they shall have joint legal custody of their three minor children, with the husband having co-parenting time with the children in excess of that which is normally contemplated by the guidelines.

On May 30, 1995, the court entered a second pre-trial order which recited the following:

> 1. The parties shall share joint legal custody of their minor children with the co-parenting time to

be as follows: The husband exercises co-parenting time with the parties' minor children beginning on the first Sunday following the first full week of the month at 1:00 p.m. through Tuesday at 2:30 p.m. On the remaining three weekends of the month, the husband exercises co-parenting time with the parties' minor children from Saturday at 10:00 a.m. through Tuesday at 2:30 p.m. Each party will have three weeks vacation time with the children during the summer.

A final hearing was held on January 2, 1996. In the final judgment entered thereafter, both parties were granted a divorce. The parties were awarded joint legal custody of the children. The husband was given primary residential custody with the wife having specific co-parenting time and specific visitation privileges. A motion to alter or amend the final judgment was filed by the wife. The motion was denied. This appeal resulted.

## ISSUES

The wife presents the following issues for our consideration:

Whether the trial court abused its discretion by finding that the order awarding the mother primary residential custody was not a final order?

Whether the trial court abused its discretion by awarding primary residential custody to [the] father.

The husband presents the following additional issue:

3

Whether the court erred in awarding the parties joint legal custody of their three children?

Since the last issue of the appellant and the issue presented by the appellee are basically the same, we will consider them together.

## STANDARD OF REVIEW

We will first discuss our standard of review. Our standard of review in nonjury cases is controlled by Rule 13(d), Tennessee Rules of Appellate Procedure i.e., "[u]nless otherwise required by statute, review of findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise."

## DISCUSSION

T.C.A. §36-6-101 provides as follows:

> **Decree for custody and support of child - Enforcement - Juvenile court jurisdiction - Presumption of parental fitness - Educational seminars.** —(a)(1) In a suit for annulment, divorce or separate maintenance, where the custody of a minor child or minor children is a question, the court may, ... award the care, custody and control of such child or children to either of the parties to the suit or to both parties in the instance of joint custody or shared parenting, ... as the welfare and interest of the child or children may demand, and the court may decree that suitable support be made by the natural parents or those who stand in the place of the

4

natural parents by adoption. Such decree shall remain within the control of the court and be subject to such changes or modification as the exigencies of the case may require.[1]

We have examined the record at length and are of the opinion that the trial court did not abuse its discretion by awarding joint custody of the children to the parties. The court expressly found that both parents were suitable parents but that the life style of the husband and the conditions of his home as opposed to those of the wife dictated that it was in the best interest of the children that primary residential custody be with the father. We find no error on the part of the trial court in awarding joint custody.

It is a well-settled principle of law that the presumption of correctness which ordinarily attaches to the trial judge's findings in a bench trial applies to issues of child custody. <u>Bah v. Bah</u>, supra; <u>Scarbrough v. Scarbrough</u>, 752 S.W.2d 94 (Tenn. App. 1988). Additionally, trial courts are vested with wide discretion in matters of child custody and reviewing courts will not interfere

---

[1] We note that subsection (a)(2) of T.C.A. § was enacted in 1996 and became effective on May 15, 1996, after the entry of the final decree in this case. T.C.A. § 36-101(a)(2) provides as follows:

(2) Except as provided in the following sentence, neither a preference nor a presumption for or against joint legal custody, joint physical custody or sole custody is established, but the court shall have the widest discretion to order a custody arrangement that is in the best interest of the child. Unless the court finds by clear and convincing evidence to the contrary, there is a presumption that joint custody is in the best interest of a minor child where the parents have agreed to joint custody or so agree in open court at a hearing for the purpose of determining the custody of the minor child. For the purpose of assisting the court in making a determination whether an award of joint custody is appropriate, the court may direct that an investigation be conducted. The burden of proof necessary to modify an order of joint custody at a subsequent proceeding shall be by a preponderance of the evidence.

except upon a showing of an abuse of discretion. Grant v. Grant, 39 Tenn. App. 539, 286 S.W.2d 349 (1954). T.C.A. § 36-6-106 sets forth the factors that the trial court should consider in his determination of custody. It is clear from the memorandum opinion of the trial court that these factors were duly considered. We find no abuse of discretion.

The first issue presented by the wife is the propriety of the trial court's determination that the child custody order of May 30, 1995, was not a final order. The appellant argues that it is a well-settled principle of law that where a decree has been entered awarding custody of children, the issue is res judicata and will not be relitigated as to the facts existing at the time of its pronouncement. Woodward v. Woodward, 783 S.W.2d 188 (Tenn. App. 1989); Griffin v. Stone, 834 S.W.2d 300 (Tenn. App 1992). "As long as the facts remain the same a court will not 'revisit' the issue of custody. Once litigated, the question of custody is 'final' unless and until there has been a material and substantial change of circumstances." Id. We note, however, that res judicata applies only to final judgments. "The term 'res judicata' is defined as a 'rule that a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action ... ." Richardson v. Tennessee Board of Dentistry,

6

913 S.W.2d 446 (Tenn. 1995). Thus, as to this issue, the dispositive question is whether the May 30, 1995, order was a final order for the purposes of res judicata. We hold that it was not. Rule 54.02, Tennessee Rules of Civil Procedure is controlling on the lack of finality of the May 30, 1995, order. The order was not made final under the provisions of Rule 54.02 and thus was subject to revision at any time before all the claims and rights of the parties had been litigated. Obviously, as of the date of the order in question, there were still rights of the parties to be adjudicated. We find no merit in this issue.

## CONCLUSION

The judgment of the trial court is affirmed in all respects. Costs of this appeal are assessed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Herschel P. Franks, Judge

7

IN THE COURT OF APPEALS

| | | |
|---|---|---|
| CHRISTOPHER BRIAN MINNICH, | ) | KNOX CIRCUIT |
| | ) | C. A. NO. 03A01-9612-CV-00384 |
| | ) | |
| Plaintiff-Appellee | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. BILL SWANN |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| NANCY GRAVES ROBERSON, | ) | AFFIRMED AND REMANDED |
| | ) | |
| Defendant-Appellant | ) | |

## JUDGMENT

This appeal came on to be heard upon the record from the Circuit Court of Knox County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

The judgment of the trial court is affirmed in all respects. Costs of this appeal are assessed to the appellant and this case is remanded to the trial court.

PER CURIAM