## IN THE COURT OF APPEALS OF TENNESSEE
### AT JACKSON

FILED

**August 17, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

KAREN L. SMALLWOOD DAVIS,    )
    )
    Petitioner/Appellant,    )    Chester Chancery No. 8614
    )
vs.    )
    )    Appeal No. 02A01-9706-CH-00131
HERBERT LEE SMALLWOOD, JR.,    )
    )
    Respondent/Appellee.    )


APPEAL FROM THE CHANCERY COURT OF CHESTER COUNTY
AT HENDERSON, TENNESSEE



THE HONORABLE JOE C. MORRIS, CHANCELLOR




For the Petitioner/Appellant:        For the Respondent/Appellant:

Christopher L. Brown        Larry F. McKenzie
Bartlett, Tennessee        Henderson, Tennessee


**AFFIRMED**



HOLLY KIRBY LILLARD, J.


CONCUR:


W. FRANK CRAWFORD, P.J., W.S.


HEWITT P. TOMLIN, JR., SP.J.

## OPINION

This is a post-divorce child custody case. The parties' Marital Dissolution Agreement provided that the parties would have joint custody of the parties' minor children, and that the children would live with the husband. In this action, the mother sought a change of custody, based on allegations that the husband improperly cared for the teenage children. After hearing the parties' testimony and interviewing the children, the trial court denied the petition for change of custody. We affirm.

Karen Lynn Smallwood Davis ("Mother") and Herbert Lee Smallwood, Jr. ("Father") were divorced on July 22, 1994, on the basis of irreconcilable differences. The Marital Dissolution Agreement provided that the parties would have joint custody of the parties' three minor children, and that the children would live with Father. The court granted Mother liberal visitation rights, and ordered her to pay child support to Father.

On January 12, 1996, Mother filed a petition alleging that a change of circumstances necessitated a change in custody arrangements. Father filed a petition to increase child support as well as alleged arrearages in child support. At the time of trial, the parties' two sons were ages 18 and 14, and their daughter was age 16.

Upon request of the parties, the trial court spoke separately with each of the parties' three children before trial in chambers. No lawyers were present during the interviews, and the conversations were not recorded.

At trial, Mother and Father were the only witnesses. Mother testified that Father's work required him to travel and that the children were often left by themselves. She alleged that Father brought women home for overnight visits and that Father had taken the older son and an underage friend to a nightclub in Memphis. Mother expressed concern about the parties' daughter, who is mentally disabled, because Father had taken her out of a special class at her school. She alleged that while the children, including the mentally disabled daughter, were at home unsupervised, teenage boys came in and out of the house at will. She acknowledged that Father's mother lived with Father and the children, but alleged that Father's mother was ill with cancer, spent most of her time in bed, and was unable to care for herself or the children. Mother argued that most teenagers would prefer to live in an environment with little supervision or discipline, but that living in such an environment was not in their best interest.

Father testified that he had been dating a woman who lived in Mississippi for over a year.

He acknowledged that she had spent weekends with the family at Father's home in Henderson, but asserted that there was nothing unwholesome about the visits. Father also acknowledged that he had taken the parties' oldest son, a musician, and a friend to a jazz concert at a club in Memphis, where the boys had soft drinks and Father had one beer. Father testified that it was Mother who had removed their daughter from her special resource class, and that Father had placed the daughter back into the special class. Father testified that his mother's cancer was in remission and that she was not disabled. He stated that she cooked and cleaned the house and took care of the children. Father asserted that he had left the children alone overnight for only one night, and that on this occasion the parties' oldest son, age seventeen, was in charge and that Father checked with them frequently by telephone. Father asserted and Mother acknowledged that, in the past, she had suffered from depression and anxiety and had been hospitalized for treatment.

Subsequently, the trial court entered an order dismissing Mother's petition for change of custody, noting that the children had said in chambers that they were happy living with Father. The trial court also increased Mother's child support obligation from $150 per month to $840 per month, and awarded Father a judgment for past due child support and medical bills totaling $2,463.77, as well as $1,500 in attorney's fees. From this order, Mother now appeals.

On appeal, Mother argues that the trial court improperly dismissed her petition for change of custody based solely on the interviews with the children. Mother also argues that the evidence demonstrates a change in circumstances sufficient to warrant a change in custody, and that the evidence preponderates against the trial court's decision.

The issue of child custody is reviewed *de novo*, with a presumption of correctness in the court's findings of fact, unless the evidence preponderates against them. Tenn. R. App. P. 13(d). The best interest of the children is the primary concern in these proceedings. *Koch v. Koch*, 874 S.W.2d 571, 575 (Tenn. App. 1993).

The trial court is granted wide discretion in determining custody and visitation arrangements. *See Varley v. Varley*, 934 S.W.2d 659, 665 (Tenn. App. 1996); *Mimms v. Mimms*, 780 S.W.2d 739 (Tenn. App. 1989). Under Tennessee Code Annotated § 36-6-106, the trial court may take into account the preferences of the children if they are twelve years old or older. However, interviews in chambers, where custody is at issue and the testimony is not recorded, "should be discouraged." *Scarbrough v. Scarbrough*, 752 S.W.2d 94, 97 (Tenn. App. 1988). *See also Rutherford v.*

2

*Rutherford*, No. 03A01-9708-CV-00313, 1997 WL 746774, (Nov. 26, 1997), which involved the interview of a six-year-old child. The record in *Rutherford* included no transcript of the interview. The parties did not request that the trial judge interview the six-year-old, and the interview was deemed reversible error. In this case, however, the parties agreed to have the trial court interview the children, with no witnesses present. In addition, the children were older. Most importantly, the order of the trial court makes it clear that the trial court relied on other evidence in making his decision. The order states that the decision of the trial court was based on the pleadings, the testimony of the witnesses, the interviews with the children and the record as a whole. "It has long been the rule in Tennessee that a private interview of the court with a minor child is not objectionable where the decision as to custody is based solely or primarily upon evidence heard in open court." *Todd v. Todd*, 03A01-9108-CH-00284, 1992 WL 55578, at *2 (Tenn. App. Mar. 24, 1992) (citing *Hicks v. Hicks*, 26 Tenn. App. 641, 176 S.W.2d 371 (1943)). Under all of these circumstances, the trial court's decision to interview the teenage children in chambers without the parties' lawyers present was not an abuse of discretion.

Mother also argues that the evidence preponderates against the trial court's decision. The parties' testimony at trial clearly required the trial court to assess the credibility and demeanor of the witnesses. Where the issues at trial require a determination of the credibility of witnesses, the trial court's "findings of credibility are entitled to great weight." *Tenn-Tex Properties v. Brownell-Electro, Inc.*, 778 S.W.2d 423, 426 (Tenn. 1989); *Brewer v. Brewer*, 869 S.W.2d 928 (Tenn. App. 1993). After reviewing the record, we do not find that the evidence preponderates against the trial court's findings. The decision of the trial court is affirmed.

Father has requested that this Court award him attorney's fees incurred in this appeal. Father has not alleged that he is unable to pay his attorney's fees on appeal, and we decline to award such fees. *See Batson v. Batson*, 769 S.W.2d 849, 862 (Tenn. App. 1989); *Folk v. Folk*, 357 S.W.2d 828, 829 (Tenn. 1962).

The decision of the trial court is affirmed.  Costs are assessed against the Appellant, for which execution may issue, if necessary.


_____**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**W. FRANK CRAWFORD, P. J., W.S.**


_____
**HEWITT P. TOMLIN, JR. SP.J.**