# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### September 18, 2001 Session

## APRIL DAWN JOHNSON PRICE v. KENNETH FREEMAN PRICE

**Direct Appeal from the Chancery Court for Madison County**
**No. 56379     Joe C. Morris, Chancellor**

_____

**No. W2000-01471-COA-R3-CV - Filed October 22, 2001**

_____

This appeal follows a divorce action in which the trial court awarded custody of the parties' two minor children to the father. The mother appeals only the award of custody. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Daniel Loyd Taylor and Amy R. Harden, Memphis, Tennessee, for the appellant, April Dawn Johnson Price.

James F. Butler and Lisa A. Houston, Jackson, Tennessee, for the appellee, Kenneth Freeman Price.

## OPINION

The parties were married on August 3, 1985. On July 30, 1999, Ms. Price filed a Complaint for Divorce and Order of Protection from Mr. Price. In her complaint, Ms. Price sought custody of the parties' minor children, Erik, then 14, and Ariel, then 6. On August 2, the trial court granted Ms. Price a restraining order and ex parte order of protection against Mr. Price. Mr. Price denied allegations of abuse and filed motions to dissolve the restraining order, dismiss the ex parte order of protection, and for temporary custody of the children.

Following an August 13 hearing, the trial court left the restraining order and order of protection in place, but allowed Mr. Price to return to the parties' home and place of employment. Ms. Price did not then move out of the home. No temporary custody award was granted. Mr. Price filed his Answer and Counter Complaint on August 26, 1999, also seeking custody of the children.

Trial was held on March 20, 2000. On March 31, the trial court issued its findings. It awarded custody to Mr. Price, standard visitation to Ms. Price, and ordered Ms. Price to pay child support. The Final Decree of Divorce was entered on May 19. Ms. Price filed a motion for stay of the decree with respect to custody, which was denied. This appeal followed.

Issues raised in the divorce action included allegations by Mr. Price that Ms. Price had been having an extra-marital relationship, and allegations by Ms. Price that Mr. Price had been physically and verbally abusive. Such incidents of abuse were alleged to have occurred in the presence of the children. Testimony included that from a licensed clinical social worker, Ms. Julia Austin, to whom Ms. Price had taken the children. Ms. Austin testified that the children had been seriously affected by the problems between the parents. The children did not testify. Questions were raised as to incidents of violent behavior by Mr. Price, such as punching a hole through a door and car windshield, and as to whether Mr. Price had tried to drug Ms. Price by putting Tylenol PM in her tea. Issues were also raised concerning Ms. Price's taping of incidents in the home in which she allegedly tried to manipulate Mr. Price into admitting to abusive behavior.

### *Issue Presented*

The issue presented in this appeal is whether the court abused its discretion by granting custody of the two minor children to the father, Mr. Price.

### *Standard of Review*

Appellate review in child custody cases is *de novo* upon the record with presumptions of correctness of the trial court's findings of fact. Tenn. R. App. P. 13(d); *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984); *Dalton v. Dalton*, 858 S.W.2d 324, 327 (Tenn. Ct. App. 1993). In applying this standard of review, we are mindful that the trial court has wide discretion in child custody matters. *Koch v. Koch*, 874 S.W.2d 571, 575 (Tenn. Ct. App. 1993). Appellate courts will not disturb the trial court's findings absent a showing of erroneous exercise of that discretion. *Id*. An abuse of discretion exists when the lower court's decision has no basis in law or fact and is therefore arbitrary, illogical, or unconscionable. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 191 (Tenn. 2000) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996)). Nowhere is the presumption of correctness of the trial court's conclusions more applicable that in matters of child custody, where the surrounding testimony is often complex and filled with disputes and acrimony. *Herrera v. Herrera*, 944 S.W.2d 379, 386 (Tenn. Ct. App. 1996).

### *Custody*

Ms. Price asserts that the trial court was in error in awarding custody of the two minor children to Mr. Price. Specifically, Ms. Price asserts that the evidence preponderates against Mr. Price and that she would be the better custodial parent.

In making a child custody determination, the trial court must examine the particular facts of each case. *Herrera*, 944 S.W.2d at 385 (citing *Scarbrough v. Scarbrough*, 752 S.W.2d 94, 96 (Tenn. Ct. App. 1988)). Factors to be considered include, but are not limited to:

> [A]ge, habits, mental and emotional make-up of the child and those parties competing for custody; the education and experience of those seeking to raise the child; their character and propensities as evidenced by their past conduct; the financial and physical circumstances available in the home of each party seeking custody and the special requirements of the child; the availability and extent of third-party support; the associations and influences to which the chid is most likely to be exposed [and] the alternatives afforded, both positive and negative; and where is the greater likelihood of an environment for the child of love, warmth, stability, support, consistency, care and concern and physical and spiritual nurture.

*Bah v. Bah*, 668 S.W.2d 663, 666 (Tenn. Ct. App. 1983).

The Tennessee Code requires the trial court to engage in a "comparative fitness" analysis of the parents. *Gaskill v. Gaskill*, 936 S.W.2d 626, 630 (Tenn. Ct. App. 1996). This is a factually-driven inquiry that requires the court to carefully weigh, *inter alia*, the following considerations:

> (1) The love, affection and emotional ties existing between the parents and child;
> (2) The disposition of the parents to provide the child with food, clothing, medical care, education and other necessary care and the degree to which a parent has been the primary caregiver;
> (3) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment; . . .
> (4) The stability of the family unit of the parents;
> (5) The mental and physical health of the parents;
> (6) The home, school and community record of the child;
> (7) The reasonable preference of the child if twelve (12) years of age or older. . . .
> (8) Evidence of physical or emotional abuse to the child, to the other parent or to any other person; . . . .
> (9) The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child; and
> (10) Each parent's past and potential for future performance of parenting responsibilities, including the willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent, consistent with the best interest of the child.

Tenn. Code Ann. § 36-6-106 (Supp. 1999).

In submitting that the preponderance of evidence weighs in her favor, Ms. Price relies heavily on the testimony of Ms. Julia Austin, a licensed clinical social worker to whom Ms. Price took the children beginning in September 1999. The initial visits with Ms. Austin from September until December were with Ms. Price and the children. Ms. Austin met with the children and both parents in early December, with Mr. Price and the children later in December, and then again with Ms. Price in March. (An insurance difficulty precluded visits between late December and mid-March.)

When asked for a recommendation for who should have primary custody, Ms. Austin testified that the children both expected to continue living with their mother and that she thought the mother had their entire "life interest" in perspective. She also stated that the children's impression was that their father needed them more emotionally, which was not "a healthy thing." Upon cross examination, however, Ms. Austin testified that the children had both told her that they wanted to live with their father. She stated "[t]hey have a warm, giving relationship with [the] father. He loves them. They love him. . . . They are affectionate with both parents." Ms. Austin testified that one child showed equal attachment to both parents, while one showed more attachment to the father. When questioned about how the younger child would react to the divorce, Ms. Austin stated that "she [would] get through it okay no matter who she is with. . . . I think both parents care about her and that both of them will help her get through it." Ms. Austin's evaluation was that although she thought the children would be better off with the mother, she could not say that either parent would be a bad parent. Her testimony further reveals that her impression of the family's history was largely based on what she had been told by the mother.

During the course of these proceedings, the trial court had an opportunity to observe the personalities, demeanor and credibility of each of the parties and the witnesses. Evidence was introduced by both parties regarding the behavior and faults of the other, as well as regarding the relationship between each of the parties and the children. The trial court concluded that both parties had been good parents. The court found that Mr. Price was very involved with the children's school activities, while Ms. Price was not as involved due to her work schedule. The court also found that Mr. Price's family was located near the children in Jackson, while Ms. Price's family resided in Decatur County.

The trial court concluded that it was in the "manifest best interest" of the children to award primary custody to Mr. Price. Ms. Price was awarded standard visitation. The court's decision is presumed to be correct. Since the evidence does not preponderate against the trial court's findings, the order of the trial court is affirmed.

In his brief, Mr. Price requests this Court to award him his attorney's fees and expenses incurred in this appeal. This request is declined.

Taxes of this appeal are taxed to the Appellant, April Dawn Johnson Price, and her surety.

_____

DAVID R. FARMER, JUDGE