IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 16, 2001

## KATHIE NAOMI KING v. BILLY WAYNE KING

**Appeal from the Chancery Court for Giles County**
**No. 1282     Jim T. Hamilton, Chancellor**

---

**No. M2001-00275-COA-R3-CV - Filed December 13, 2001**

---

This is an appeal of a divorce proceeding presented to the trial court in an unusual manner, by agreement of all parties and all attorneys.  Husband appeals the final judgment, and we affirm in part and reverse in part.

**Tenn. R. App. P. 3; Judgment of the Chancery Court Affirmed in Part**
**and Reversed in Part**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

William C. Barnes, Jr., Columbia, Tennessee, for the appellant, Billy Wayne King.

Joe W. Henry, Jr., Pulaski, Tennessee, for the appellee, Kathie Naomi King.

## OPINION

Two competent trial attorneys and the trial judge, with the express agreement of both Kathie Naomi King and her husband, Billy Wayne King, attempted to resolve an acrimonious divorce case in a manner that would save time and expense for the parties.  The resulting unorthodox method of alternative dispute resolution did not meet either the expectation of counsel or the anticipated economic benefit to the parties.

As we are favored with neither transcript of the testimony at the hearing, nor a Rule 24C Statement of the Evidence, our ability to review on appeal is rather limited.  From the pleadings and orders we glean that the parties were married in December 1982 and have one minor child.  They separated in July 1999, and on August 5, 1999, Wife sued Husband for a divorce seeking custody of the minor child, together with child support consistent with the guidelines, a division of marital property, her attorney's fees, and general relief.  On May 8, 2000, Husband filed an answer and counter-claim seeking custody of the minor child.

On May 26, 2000, the following order was entered, which was approved for entry by Kathie Naomi King and her attorney, Honorable Joe W. Henry, Jr., and by Billy Wayne King and his attorney, Honorable Raymond W. Fraley, Jr. This order, in its entirety, provided:

In this cause it appearing to the Court that the parties and their counsel of record have agreed on a mediation process to dispose of the issues in controversy in the above captioned matter.

The Court further finds as follows:

1. That the mediation process as agreed upon between the parties is the most time and cost efficient way to proceed given the issues of this particular case.

2. That the parties have had the procedure fully explained to them and are concurrence with the same.

3. That the parties shall not concede their right to appeal in the event the result is unsatisfactory and shall have any and all appellate rights available to them.

IT IS, THEREFORE,
ORDERED:

1. That the above captioned matter be and hereby is set pursuant to the Alternative Dispute Resolution (ADR) process on April 28, 2000 at 9:00 A.M. in the Giles County Chancery courtroom.

2. That the ADR process to be followed shall be:

A. The Plaintiff and her attorney shall appear in Chambers before the Court in the presence of the court reporter (if applicable) and shall explain her theories and position regarding the lawsuit, custody issues, and the distribution of the marital estate of the parties.

B. That at the conclusion of the Plaintiff's presentation to the Court she shall leave the Chambers and the Defendant and his attorney shall then proceed to talk with the Judge in the same manner.

C. That during each parties' separate presentation to the Court any documentation of any description that shall be relied upon by either party may be presented to the Court for its review.

D. That the Court is free to ask any and all questions that the Court deems appropriate during each individual session and may recall either or both parties for further questions if needed.

E. That this process shall not include calling of additional witnesses other than the parties as set forth herein.[1]

On August 31, 2000, the trial judge entered an order, apparently following a hearing as contemplated by the parties in the previous order entered on May 26, 2000. This order, signed by

---

[1]This order was signed by the parties and their respective attorneys and by the trial judge on April 28, 2000, but not entered of record until May 26, 2000. Apparently, no hearing was held on April 28, 2000.

the trial judge on August 31, 2000, was accompanied by a Certificate of Service from the Clerk & Master dated September 5, 2000 indicating service of the order upon Mr. Joe W. Henry, Jr. and Mr. Raymond W. Fraley, Jr., attorneys for the respective parties. The order provided in pertinent part:

> This case was heard on the 25th day of August, 2000, upon the Complaint of the Plaintiff, Counter-Complaint of the Defendant, Answers thereto, testimony of the parties during mediation, exhibits thereto and the entire record as a whole the Court finds, after taking this matter under advisement, and does accordingly ORDER, ADJUDGE and DECREE (sic) as follows:
>
> 1. That a divorce should be and is hereby granted in this case, pursuant to Tenn. Code Ann. § 36-4-129(b), as the Court finds both parties shared in the demise of this marriage, and that both parties be restored all the rights and privileges of unmarried persons;
> 2. That the parties be and are hereby awarded joint custody of the minor child with Defendant being the primary custodial parent;
> 3. That both parties are given very liberal visitation at times and places mutually agreeable between the parties. In the event the parties cannot mutually agree upon visitation then the Plaintiff shall have visitation according to the standard visitation schedule attached hereto as Exhibit "A";
> 4. That neither party shall owe to the other any sums of child support due to the awarding of joint custody;

This order further adjudicated rights of the parties as to visitation with the child and information concerning the child together with a distribution of all marital property and an equal taxation of cost.

On October 4, 2000, now represented by new counsel, Billy Wayne King filed a Motion for New Trial Or In The Alternative To Alter And Amend Judgment, which provided:

> Now comes the Defendant pursuant to Rule 59.02 and Rule 59.04 and files this Motion. It is the Defendant's position that the Order and hearing should be overturned or in the alternative modified. Specifically, the Defendant requests a new hearing or in the alternative that the Court award child support pursuant to the guidelines. The Defendant further requests that the Court modify the award of Thirty-five thousand dollars ($35,000) to the Plaintiff. The Defendant's position is that certain retirement assets were not taken into account or consideration in the division of property and that the Court value was improper. Failure of the Court to do so justifies a new trial or a modification or amendment of the judgment entered.
>
> WHEREFORE PREMISES CONSIDERED Defendant moves this Court to set aside the Judgment of September 5, 2000 and grant a new trial or in the alternative modify said Order to accurately reflect the proper situation of the Parties and the applicable law.

This Motion For New Trial was heard by the trial court on January 3, 2001, and a transcript of this proceeding is filed with the record. The court, however, heard no testimony, and the hearing consisted of arguments by Mr. King's new attorney, Honorable William C. Barnes, and Mrs. King's attorney, Honorable Joseph W. Henry, Jr. On January 12, 2001, a final order was entered by the trial judge providing:

> This Motion for New Trial or to Alter or Amend Judgment was heard on the 3rd day of January, 2001.
>
> It appeared to the Court that said Motion should be granted in part and denied in part for the reasons set forth hereinafter.
>
> The parties to this divorce were both represented by counsel, Joe Henry, Jr., represented the Plaintiff, Katie Naomi King and Ray Fraley, represented the Defendant, Billy Wayne King. Both parties and their attorneys agreed to an order which allowed this case to be decided by mediation by the Court. Both parties submitted proposed judgments and the Defendant's counsel submitted an evaluation of the parties' assets, see Exhibit 1, dated, 10-22-99 and entered as Exhibit on 01-03-01, and these evaluations were adopted by counsel for Defendant and Plaintiff. The Court attempted to evenly divide the assets. One asset, a Five Thousand ($5,000) Dollar, IRA fund, owned by the Plaintiff is complained about in this Motion, but at the hearing on this case, the proof was that the Plaintiff cashed this IRA for children's school expenses some eight months prior to the hearing.
>
> The Plaintiff agreed for the Defendant to be primary custodial parent and in lieu of her not paying child support to the Defendant, Plaintiff agreed not to seek alimony from the Defendant.
>
> The only alteration to this judgment the Court (sic) will agree to make concerns the evaluation of the 401K belonging to the Defendant. The Defendant should be given credit for whatever amount he is due for the years he owned this 401K before the parties['] marriage.
>
> All other matters in controversy were agreed upon at the August 25, 2000 hearing.
>
> IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that the Motion for New Trial or Alteration for this judgment is granted insofar as the Defendant shall be given credit for whatever amount he is due for the years he owned the 401K account prior to the parties['] marriage. All other alterations or amendments are hereby denied.
>
> Costs and litigation taxes are hereby adjudge against the Defendant.

Mr. King appealed.

This Court is now called upon to review a trial court decision based on factual testimony by the parties. Even though the procedure used by the parties is an unusual one, it is a procedure agreed

to by the parties and is the procedure under which testimony was heard by the trial judge.[2] This testimony is not preserved for appellate review, and we are unable to determine, without the testimonial record of this hearing, whether or not the facts found by the trial judge are supported by the evidence heard or whether or not the agreed procedure used was such a departure from acceptable practice as to require reversal. This Court has held:

> Our ability to deal with this issue is hampered by the absence of either a transcript of the proceedings in the trial court or a statement of the evidence prepared in accordance with Tenn. R. App. P. 24(c).
>
> When a trial court decides a case without a jury, its findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn. R. App. P. 13(d). This court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings. *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1987); *Gotten v. Gotten*, 748 S.W.2d 430, 432 (Tenn. Ct. App. 1988).

*Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. App. 1992); see also *Scarbrough v. Scarbrough*, 752 S.W.2d 94, 97 (Tenn. Ct. App. 1988).

Absent a testimonial record, this Court is compelled to affirm the trial court on all matters except for the issue of child support.

The final order in this case provided, in part: "The Plaintiff agreed for the Defendant to be primary custodial parent and in lieu of her not paying child support to the Defendant, Plaintiff agreed not to seek alimony from the Defendant." This agreement contravenes public policy, and this provision of the decree is void. *Witt v. Witt*, 929 S.W.2d 360 (Tenn. Ct. App. 1996); *Berryhill v. Rhodes*, 21 S.W.3d 188 (Tenn. 2000).

As it appears that both parties participated in this agreement resulting in a decree relative to child support that is void as against public policy, elemental fairness dictates that Appellant not be

---

[2]Although the parties and the trial court referred to the procedure as mediation, it was not a mediation. Rule 31 of the Rules of the Tennessee Supreme Court, the source of authority for court-annexed alternative dispute resolution, defines mediation as "an informal process in which a neutral person, called a mediator, conducts discussions among the disputing parties designed to enable them to reach a mutually acceptable agreement among themselves on all or any part of the issues in dispute." Tenn. Sup. Ct. R. 31 § 2 (c). The order entered herein does not reflect that it was the product of an agreed settlement. Further, although a judge may act as a mediator, in which case the mediation is called a judicial settlement conference, a judge before whom a case may be tried if settlement is unsuccessful may not serve as a mediator in that case. Tenn. Sup. Ct. R. 31 § 2 (d). Therefore, we conclude that the unusual procedure herein was not a mediation or other authorized form of court-annexed alternative dispute resolution. Instead, it was an agreed-upon method of presenting evidence to the trial court. The trial court's order is consistent with that interpretation.

allowed to disavow the portion of the agreement relinquishing a claim for child support without simultaneously allowing Appellee relief from her agreement not to seek alimony.

The portion of the judgment below relating to both child support and alimony is reversed, and the case is remanded to the trial court for a determination, pursuant to Tennessee Code Annotated section 36-5-101, of child support payable by the non-custodial parent under the Child Support Guidelines and for determination of whether or not Appellee is entitled to alimony.

In all other respects, the judgment of the trial court is affirmed. Costs on appeal are assessed equally to the parties, and the case is remanded to the trial court for proceedings consistent with this opinion.

_____
WILLIAM B. CAIN, JUDGE