IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 27, 2010 Session

## GLEN CRUZEN v. AYMAN AWAD

**Direct Appeal from the Circuit Court for Davidson County**
**No. 08C-1866      Barbara N. Haynes, Judge**

---

**No. M2009-00632-COA-R3-CV - Filed June 25, 2010**

---

This case arises out of the alleged breach of a contractual agreement entered by and between Appellant and Appellee for the repair and renovation of a commercial building. Appellant filed suit, asserting that Appellee had failed to fully compensate Appellant for his work on the building. The trial court granted Appellee's motion for summary judgment, finding that Appellant was an unlicensed contractor under Tenn. Code Ann. §62-6-102, and that his recovery was, therefore, limited to actual documented expenses under Tenn. Code Ann. §62-6-103(b). Finding no error, we affirm.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J. , joined.

Glen Cruzen, Nashville, Tennessee, pro se.

Laura M. Williams and Samuel T. Bowman, Nashville, Tennessee, for the appellee, Ayman Awad.

**OPINION**

On or about December 16, 2007, Appellant Glen Cruzen emailed Appellee Ayman Awad, indicating that he would be able to do some renovations and repairs to the exterior stucco on a commercial property occupied by Mr. Awad. In his email, Mr. Cruzen estimated the total cost for the job to be $25,000. A February 27, 2008 "Final Invoice" is also contained in the appellate record. According to the invoice, as of February 27, 2008, Mr. Cruzen indicated that the total price for the job was $38,550.73, and that the balance owed thereon was $13,550.73.

On February 29, 2008, Mr. Cruzen filed a warrant in the General Sessions Court of Davidson County, alleging that Mr. Awad had failed to pay the entire amount due under the parties' agreement. On April 10, 2008, Mr. Awad filed a counter-complaint against Mr. Cruzen, alleging violation of the Tennessee Consumer Protection Act, and intentional and/or negligent misrepresentation on the part of Mr. Cruzen. By Order of June 12, 2008, the case was removed to the Circuit Court at Davidson County, pursuant to Tenn. Code Ann. § 16-15-732.[1]

On August 14, 2008, Mr. Awad filed a motion for summary judgment. On August 25, 2008, Mr. Awad also filed a motion to stay discovery until the motion for summary judgment was heard.[2] In support of his motion for summary judgment, Mr. Awad argued, in relevant part, that Mr. Cruzen was not a licensed contractor; consequently, under Tenn. Code Ann. § 62-6-103(b), Mr. Awad asserted that Mr. Cruzen was only entitled to his actual expenses. Moreover, Mr. Awad averred that he had already paid Mr. Cruzen the contract price of $25,000, and that Mr. Cruzen was not entitled to the additional $13,550.73 that he claimed.[3] Mr. Cruzen opposed the motion for summary judgment, which motion was set for hearing on September 26, 2008. There is no indication in the record that Mr. Cruzen opposed Mr. Awad's motion to stay discovery until the day of the hearing on the motion for summary judgment. On September 26, 2008, Mr. Cruzen filed a motion for continuance, asking the court to continue the trial to allow Mr. Cruzen to conduct discovery. After considering the

---

[1] Tenn. Code Ann. §16-15-732 provides, in relevant part:

> (c)(1) If the general sessions judge finds that a defendant's defense is substantial, complex or expensive to present, and that the defendant has posted a sufficient cost bond, the judge shall order the action removed to the court that would have jurisdiction of an appeal if the action had been tried in general sessions court. The judge shall direct the clerk to promptly transmit the papers in the action to the clerk of the court to which the action is removed.

[2] The record indicates that Mr. Cruzen did not object to Mr. Awad's motion to stay discovery. Moreover, the record contains no indication that the trial court ruled on Mr. Awad's motion. That being said, the motion to stay discovery, whether granted or not, was rendered moot by the trial court's grant of summary judgment in favor of Mr. Awad. We further note that, although Mr. Cruzen could have objected to the motion to stay discovery, and could have argued for more discovery at that time, as discussed, *infra*, he waited until the morning of the scheduled hearing on Mr. Awad's motion for summary judgment to file his own motion for continuance, on grounds that he needed to conduct more discovery. The denial of Mr. Cruzen's motion to continue the hearing is the subject of the first appellate issue.

[3] The record contains four checks drawn on Mr. Awad's account, and made payable to Mr. Cruzen or to Master Stucco: (1) December 28, 2007 for $5,000, (2) January 5, 2008 for $10,000, (3) February 18, 2008 for $5,000, and (4) February 22, 2008 for $5,000.

briefs, exhibits, and arguments of counsel, by Order of October 7, 2008, Judge Barbara Haynes denied Mr. Cruzen's motion for a continuance, and granted Mr. Awad's motion for summary judgment.

Mr. Awad's counter-claim was heard on October 22-23, 2008. By Order of November 10, 2008, the trial court awarded Mr. Awad $4,000 in compensatory damages against Mr. Cruzen. Mr. Cruzen was awarded $3,000 in restitution, leaving Mr. Cruzen with compensatory damages owing in the amount of $1,000. The November 10, 2008 Order, which is signed by Judge Hamilton Gayden, specifically provides:

> [Mr. Awad] is awarded judgment for $4,000 in compensatory damages against [Mr. Cruzen]. This compensatory damages judgment is comprised of the following elements:
>
> 1. $1,800 for breach of contract damages to remove the stucco from around three sets of conduit and wires....
> 2. $1,200 for breach of contract damages to remove...siding from around the four air conditioning units.
> 3. $500.00 for breach of contract damages to scrape and clean the overspray off all windows.
> 4. $500.00 for breach of contract damages to remove the debris left by Mr. Cruzen.
> 5. Mr. Cruzen is awarded restitution in the amount of $3,000.
> 6. Mr. Cruzen's restitution leaves Mr. Awad with compensatory damages owing in the amount of $1,000.

On December 10, 2008, Mr. Cruzen moved the court to reverse its grant of summary judgment in favor of Mr. Awad; however, no issue was raised concerning the award of damages pursuant to Judge Gayden's November 10, 2008 Order.

By Order of February 26, 2009, the trial court denied Mr. Cruzen's motion, and affirmed the grant of summary judgment in favor of Mr. Awad, and the award of compensatory damages to Mr. Awad. Mr. Cruzen appeals, raising two issues for review:

> 1. Whether the trial court erred by denying Mr. Cruzen's motion for continuance for additional time for discovery?
>
> 2. Whether the trial court erred in granting Mr. Awad's motion for summary judgment.

Following the filing of his notice of appeal, Mr. Cruzen gave notice that he had filed a statement of the evidence with the circuit court. Mr. Awad objected to the proposed statement of the evidence, arguing that a transcript of the October 22-23, 2008 trial was available, but had not been procured by Mr. Cruzen, and that the proposed statement of the evidence did not convey an accurate account of the evidence adduced at the hearings.

On July 17, 2009, Judge Gayden heard arguments concerning the sufficiency of the proposed statement of the evidence. By Order of August 11, 2009, Judge Gayden disapproved the statement of the evidence and specifically required Mr. Cruzen to provide a transcript of the October 22-23, 2008 proceedings. Concerning the hearing on Mr. Awad's motion for summary judgment, Judge Gayden ordered both Mr. Cruzen and Mr. Awad to "resubmit a Statement of the Evidence regarding the September 26, 2009 Motion for Summary Judgment heard by [the] Honorable Judge Barbara Haynes." Mr. Cruzen was given ninety days to comply with the August 11, 2009 order.

On November 23, 2009, the trial court clerk notified this Court that Mr. Cruzen had failed to file a transcript or statement of the evidence. By Order of December 1, 2009, we granted a fifteen day extension for the transcript and/or statement of the evidence to be prepared and transmitted to this Court, or else show cause why the appeal should not be dismissed.

On December 11, 2009, Mr. Awad filed a motion to dismiss the appeal for failure to comply with Tenn. R. App. P. 24, the trial court's August 11, 2009 Order, and this Court's order of December 1, 2009. On December 15, 2009, Mr. Cruzen filed a response to our show cause order, in which he asserted that the only issues being appealed related to pre-trial motions, for which there are no transcripts and that the transcript of the October 22-23, 2008 trial is unnecessary. Mr. Awad filed a reply to Mr. Cruzen's response.

By Order of January 7, 2010, this Court denied Mr. Awad's motion to dismiss the appeal, specifically finding that:

> This case involves both a summary judgment and a judgment following a trial. In his response to our show cause order, however, the appellant asserts the only issues he intends to raise on appeal relate to the pretrial motions and not to the trial of the counter-claim. The statement of the evidence submitted by the appellant likewise lists issues related only to the September 26, 2008 hearing and not to the October 22-23, 2008 trial. In light of the limited issues the appellant intends to raise on appeal and the discretion granted to this court by Tenn.

R. App. P. 2, we have determined that the appellant should be allowed to proceed without a transcript or statement of the evidence.

The appellant shall, however, be bound by his assertions regarding the issues he intends to raise on appeal, and the appeal shall be limited to issues related to the pretrial motions. Allowing the appellant to raise issues related to the October 22-23, 2008 trial would likely be futile in any event because this court would presume that, had a transcript or statement of the evidence from the October 22-23, 2008 trial been filed, it would have contained sufficient evidence to support the trial court's judgment.

Before reaching the issues, we first note that we are cognizant of the fact that Mr. Cruzen is proceeding *pro se* . While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (citing ***Paehler v. Union Planters Nat'l Bank, Inc.***, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)), "[p]ro se litigants are not ... entitled to shift the burden of litigating their case to the courts." ***Whitaker v. Whirlpool Corp.***, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000) (citing ***Dozier v. Ford Motor Co.***, 702 F.2d 1189, 1194-95 (D.C. Cir .1983)). *Pro se* litigants must comply with the same substantive and procedural law to which represented parties must adhere. ***Hodges***, 43 S.W.3d at 920-21.

Furthermore, we note that "[t]he burden is [] on the appellant to provide the Court with a transcript of the evidence or a statement of the evidence from which this Court can determine if the evidence ... [supports] the findings of the trial court." ***Willcutts v. Willcutts***, No. W2002-02636-COA-R3-CV, 2004 WL 404497, at *9 (Tenn. Ct. App. Mar. 4, 2004) (citing ***Coakley v. Daniels***, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992)). "In the absence of a transcript or a statement of the evidence, a presumption arises that the parties presented sufficient evidence to support the trial court's judgment." ***Mfrs. Consol. Serv., Inc. v. Rodell***, 42 S.W.3d 846, 865 (Tenn. Ct. App. 2000). This presumption has been termed "conclusive." ***Coakley***, 840 S.W.2d at 370; *see also* ***Scarbrough v. Scarbrough***, 752 S.W.2d 94, 97 (Tenn. Ct. App. 1988) ("When the trial court hears the evidence, but the evidence is not included in the record on appeal, it is presumed that the evidence supports the ruling of the trial court."). In the instant case, no issue has been raised concerning either the correctness of Judge Gayden's decision to disapprove the proposed statement of the evidence, or the correctness of his decision to have the parties' resubmit proposed statements of the evidence concerning the hearing before Judge Haynes. Moreover, this Court has not been requested to reconsider its decision to allow Mr. Cruzen to proceed in his appeal without a transcript

or statement of the evidence. Consequently, our review is quite limited as the factual basis for the trial court's decisions is conclusively presumed to be correct. With that in mind, we turn to the issues.

### Denial of Mr. Cruzen's Motion to Continue the Trial Date

Mr. Awad's motion for summary judgment was set for hearing on September 26, 2008. On the morning of September 26, 2008, Mr. Cruzen filed a motion for continuance, asking the court to deny Mr. Awad's motion for summary judgment and to continue the trial date to allow Mr. Cruzen an opportunity to conduct discovery. This motion was subsequently denied by Judge Haynes. It is well settled that a trial court's decision to grant or deny a motion for a continuance is within the court's sound discretion; therefore, its decision is reviewed for an abuse of discretion. *See **Bailey v. Tasker***, 146 S.W.3d 580, 584 (Tenn. Ct. App. 2004). In determining whether the trial court abused its discretion in denying a motion for continuance, "we must consider (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives." ***Liberty Mut. Ins. Co. v. Friendship Home Health Agency, LLC***, No. M2007-02787-COA-R3-CV, 2009 WL 736659, at *3 (Tenn. Ct. App. Mar. 19, 2009); *see also **Comm'r of Dep't of Transp. v. Hall***, 635 S.W.2d 110, 111 (Tenn. 1982) ("[I]n order to show an abuse of discretion, the plaintiff must show some prejudice or surprise which arises from the trial court's failure to grant the continuance."). This standard "does not permit an appellate court to merely substitute its judgment for that of the trial court." ***Henry v. Goins***, 104 S.W.3d 475, 479 (Tenn. 2003).

After reviewing the record in this case, we find that the trial court did not abuse its discretion in denying Mr. Cruzan's motion to continue the trial date. While Mr. Cruzan requested that the trial date be continued in order to conduct discovery, no where in his motion does he specify what further discovery is needed. In fact, while the trial court denied the motion for continuance, it ordered Mr. Awad to provide additional discovery to Mr. Cruzan. Mr. Cruzan asserts that he did not receive this discovery until two days prior to the trial date. Mr. Cruzan asserts that he again orally moved the trial court to continue the trial the day of the trial, but that the trial court denied this motion. Unfortunately, because there is not a transcript or statement of the evidence, there is nothing in the record to indicate that Mr. Cruzan did renew his motion. Further, in the instant case, although we know that Judge Haynes denied Mr. Cruzen's motion to continue the trial date, the reason for her decision is not included in the October 7, 2008 Order; in the absence of a transcript of the proceedings, we must presume that the evidence supports the ruling of the trial court. ***Scarbrough v. Scarbrough***, 752 S.W.2d at 97. Because Mr. Cruzan has not demonstrated that the trial court

abused its discretion in denying his motion to continue the trial date, we affirm the decision of the trial court.

## Summary Judgment

When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. The moving party may accomplish this by either: (1) affirmatively negating an essential element of the non-moving party's claim; or (2) showing that the non-moving party will not be able to prove an essential element at trial. *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 8-9 (Tenn. 2008). However, "[i]t is not enough for the moving party to challenge the nonmoving party to 'put up or shutup' or even to cast doubt on a party's ability to prove an element at trial." *Id.* at 8. If the moving party's motion is properly supported, "[t]he burden of production then shifts to the nonmoving party to show that a genuine issue of material fact exists." *Id*. at 5 (citing *Byrd v. Hall*, 847 S.W.2d 208, 215(Tenn.1993)). The non-moving party may accomplish this by: "(1) pointing to evidence establishing material factual disputes that were overlooked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for the trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06." *Martin v. Norfolk Southern Ry. Co.*, 271 S.W.3d 76, 84 (Tenn.2008) (citations omitted).

When reviewing the evidence, a court must determine whether factual disputes exist. In evaluating the decision to grant summary judgment, we review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn.2003). If we find a disputed fact, we must "determine whether the fact is material to the claim or defense upon which summary judgment is predicated and whether the disputed fact creates a genuine issue for trial." *Mathews Partners*, No. M2008-01036-COA-R3-CV, 2009 WL 3172134 at *3 (Tenn.Ct.App. Oct.2, 2009)(citing *Byrd*, 847 S.W.2d at 214). "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Byrd*, 847 S.W.2d at 215. A genuine issue exists if "a reasonable jury could legitimately resolve the fact in favor of one side or the other." *Id.*

In its Order of October 7, 2008, the trial court granted Mr. Awad's motion for summary judgment, specifically finding that:

> [Mr. Cruzen] is an unlicensed contractor engaging in contracting
> in the State of Tennessee, as defined by Tennessee Code

Annotated section 62-6-101, et. seq.; [Mr. Cruzen] was paid at least $25,000 by Mr. Awad; and [Mr. Cruzen's] expenses are less than $25,000. Accordingly, summary judgment is granted in favor of Mr. Awad as to all claims brought by [Mr. Cruzen].

Based upon its findings that Mr. Cruzen is, in fact, an unlicensed contractor, the trial court limited his recovery pursuant to Tenn. Code Ann. § 62-6-103(b), which provides:

Any contractor required to be licensed under this part who is in violation of this part or the rules and regulations promulgated by the board shall not be permitted to recover any damages in any court other than actual documented expenses that can be shown by clear and convincing proof.

On appeal, Mr. Cruzen argues that the grant of summary judgment should be reversed based upon his allegation that he is not a "contractor." Rather, Mr. Cruzen contends that Mr. Awad was the contractor and that he was a subcontractor. Based upon the evidence in the record, we find this argument to be unpersuasive.

Tenn. Code Ann. §62-6-102 provides, in relevant part, as follows:

(4)(A)(i) "Contractor" means any person or entity that undertakes to, attempts to or submits a price or bid or offers to construct, supervise, superintend, oversee, schedule, direct or in any manner assume charge of the construction, alteration, repair, improvement, movement, demolition, putting up, tearing down or furnishing labor to install material or equipment for any building, highway, road, railroad, sewer, grading, excavation, pipeline, public utility structure, project development, housing, housing development, improvement or any other construction undertaking for which the total cost is twenty-five thousand dollars ($25,000) or more;

In **Kyle v. Williams**, 98 S.W.3d 661 (Tenn. 2003), our Supreme Court discussed the definition of "contractor" under Tenn. Code Ann. §62-6-102, explaining:

[T]he language of the licensing statutes, particularly Sections 62-6-102(3)(A) & (6), is crystal-clear and requires no interpretation. "Contracting" encompasses all phases and aspects of construction-from contract formation through the contract's

-8-

completion. Any person or entity who engages in any of the activities classified as "contracting" must submit evidence of qualifications and be licensed. See Tenn. Code Ann. § 62-6-103(a). If a person engages in any of these activities without possessing a valid license, then simple logic dictates that the person is an unlicensed contractor for purposes of Tennessee Code Annotated section 62-6-103(b) and is limited in recovery to those documented expenses proven by clear and convincing evidence.

*Id*. at 665.

Turning to the record, we find at least three grounds to support the trial court's decision that Mr. Cruzen was acting as a contractor in this case. First, in his December 16, 2007 email to Mr. Awad, Mr. Cruzen submits a bid of $25,000 as an "estimate for stucco repair." Tenn. Code Ann. §62-6-102 clearly states that a contractor is any person or entity who "undertakes to, attempts to, or submits a price or bid or offers to construct...for which the total cost of the same is twenty-five thousand dollars ($25,000) or more...." The email evidence is substantiated by Mr. Awad's answers to Mr. Cruzen's request for admission, wherein Mr. Awad admits that he paid Mr. Cruzen $25,000. In short, not only did Mr. Cruzen submit a bid of $25,000, but he was also paid that amount.

In his email bid, Mr. Cruzen offers to do the following work in exchange for $25,000:

> To apply stucco to the buildings['] main walls, applying metal lathe to the exterior of the right and rear walls on the front building and wrapping the lathe around the corner of the rear wall 5' to encompass the cinder blocks which have delaminated and are in jeopardy of failing, and install metal lathe on the inside exposed areas of the rear wall of the front building as well as the right and left walls of the rear building; then apply a one coat stucco layer over the metal lathe and smooth this coat of acrylic cement with a sponge which will expose a sanded texture, and then paint all of the area on which the stucco has been applied.... Total price: $25,000.

In addition, Mr. Cruzen states, in his email, that: (1) "I have experience that will enable me to manage each of these tasks;" and (2) "[m]y crews can do just about any type of construction." Moreover, in his response to the motion for summary judgment, Mr. Cruzen states that the "[a]ll of the work performed on [Mr. Awad's] building was performed by staff

who work directly for [Mr. Cruzen] and no outside staff or services were used by [Mr. Cruzen] to perform any work on this project."

Tenn. Code Ann. §62-6-102(4)(A)(i) indicates that a contractor is one who supervises, superintends, oversees, directs, or in any manner assumes charge of a construction project. This criterion was clearly met in the present case. While the foregoing evidence supports a finding that Mr. Cruzen was a contractor, as defined by the statute, Mr. Cruzen nonetheless contends that he was acting as a subcontractor. Specifically, Mr. Cruzen argues that Mr. Awad was not the owner of the subject property, and that this fact somehow indicates that Mr. Awad was the actual contractor on the project. We find this argument unpersuasive.

In the first instance, ownership of the subject property is not a mandatory consideration under the statutory definition of "contractor." In general terms, a "subcontractor" is a person who has a contract with a general or primary contractor to perform a portion of the work that the general or primary contractor has already contracted to perform. *See, e.g. Winter v. Smith*, 914 S.W.2d 527, 539 (Tenn. Ct. App. 1995) (citations omitted). In *Winter*, Mr. Smith asserted that he was not required to obtain a contractor's license because he was a subcontractor performing work for which a license was not required. *Id*. at 534. This Court held that the fact that a property owner assumed duties during a construction project, which would normally be responsibilities of a general contractor, did not transform the owner into a "contractor" so as to transform a contractor into a subcontractor. *Id*. at 540. Here, as in *Winter*, Mr. Cruzen argues that Mr. Awad was acting as the contractor, thus making Mr. Cruzen the subcontractor. This argument, however, does not change the fact that Mr. Cruzen's activities and statements concerning the project satisfied the mandates of Tenn. Code Ann.§62-6-102. As stated in *Kyle*, the statute is "crystal-clear"–if a person engages in any of the activities listed in §62-6-102, the person is a contractor for purposes of the Act. Mr. Cruzen's attempt to allege that Mr. Awad was not the owner and thus could have been a contractor does not change the evidence showing that Mr. Cruzen met the statutory definition of contractor.

Based upon the record as a whole, we conclude that the evidence supports the trial court's conclusion that Mr. Cruzen was acting as an unlicensed contractor.[4] The question then is whether the trial court erred in limiting Mr. Cruzen's recovery under Tenn. Code Ann. §62-6-103(b), *supra*. This statute limits any unlicensed contractor's recovery to actual documented expenses, which must be proved by clear and convincing evidence. Tenn. Code

_____

[4]The record contains the April 15, 2008 Affidavit of Matthew Vogeler, an Auditor with the Tennessee Board for Licensing Contractors. Mr. Vogeler states that, following a thorough search of the applicable records, he was unable to find Mr. Cruzen's name. Consequently, Mr. Vogeler avers that Mr. Cruzen is not licensed with the Board for Licensing Contractors or the Home Improvement Commission.

Ann. §62-6-103(b). Clear and convincing evidence is evidence that "eliminates all serious or substantial doubt concerning the correctness of the conclusions to be drawn from the evidence. Evidence satisfying this standard will produce in the fact-finder's mind a firm belief or conviction regarding the truth of the factual propositions sought to be established by the evidence." *In re Groves*, 109 S.W.3d at 330. (citations omitted).

As noted by this Court in *Henshaw's Heating & Air Conditioning, Inc. v. Selig*, No. 03A01-9709-CV-00420, 1998 WL 156906, *3-4 (Tenn. Ct. App. March 26, 1998), actual documented expenses do not include profits. In his invoice, Mr. Cruzen lists the job, the price, and whether the price is based on labor, materials, or both. Mr. Cruzen asserts that his labor expenses total $567.73. While Mr. Cruzen alleges that his expenses exceeded $25,000, from our review of the record, he has provided no proof to support this claim. It is well settled that a party cannot simply state that his or her expenses are more than the invoice shows. *See, e.g., Wiltcher v. Bradley*, 708 S.W.2d 407 (Tenn. Ct. App. 1985), perm. app. denied (Tenn. March 3, 1986) ("[I]n the absence of an invoice, cancelled check, receipt, ledger or journal sheet, or other record of business dealings," contractor was not entitled to recover for additional labor and materials he furnished). Here, Mr. Cruzen's invoice is not supported by additional proof; consequently, he has not clearly and convincingly proven expenses in excess of $25,000. Moreover, it is undisputed in the record that Mr. Awad paid Mr. Cruzen at least $25,000 under the terms of the agreement. Because no additional amounts were proved by clear and convincing evidence, Mr. Cruzen is not entitled to recover additional expenses.

For the foregoing reasons, we affirm the order of the trial court. Costs of this appeal are assessed against the Appellant, Glen Cruzen, and his surety.

_____
J. STEVEN STAFFORD, JUDGE